**Carmelo Reyes BARINA,**
**Plaintiff-Appellant,**

·v.

**GULF TRADING AND TRANSPORTA-**
**TION COMPANY, A DIVISION OF**
**GULF OIL CORPORATION, a Corpora-**
**tion and The National Maritime Union**
**of America, an unincorporated associa-**
**tion, Defendants-Appellees.**

No. 83–5752.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 1983.

Decided Feb. 23, 1984.

Edgar Gonzales Rios, Alhambra, Cal., for plaintiff-appellant.

William P. Barry, McCutchen, Black, Verleger & Shea, Los Angeles, Cal., Ned R. Phillips, New York City, for defendants-appellees.

Before SKOPIL, FERGUSON and CANBY, Circuit Judges.

CANBY, Circuit Judge:

Barina brought this action against his employer under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and against his union for violating its duty of fair representation. The district court dismissed the entire action as untimely. In this appeal, we must decide whether to apply retroactively the statute of limitations required by either *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), or *DelCostello v. International Brotherhood of Teamsters*, —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). We conclude that neither *Mitchell* nor *DelCostello* should be applied retroactively. We therefore reverse.

## BACKGROUND

Gulf Trading and Transportation Company (Gulf) discharged Barina on October 22, 1979. Barina protested to his union, the National Maritime Union (NMU). NMU obtained a settlement of the grievance which afforded Barina reinstatement, but not payment of full back wages.[1] NMU notified Barina of the settlement by letter on June 11, 1980. Barina disapproved of the settlement and brought suit on June 24, 1981, against Gulf under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and against NMU for violation of its duty of fair representation. Following the pattern in hybrid § 301/fair representation actions, the complaint alleged that the union violated its duty of fair representation during the grievance proceeding and that

---

1. The settlement resulted from an informal grievance proceeding. Although the settlements involved in *Mitchell* and *DelCostello* resulted from arbitration, not an informal grievance proceeding, nothing turns on this distinction. The same limitation periods apply whether an employee's grievance is resolved with or without going to arbitration. *McNaughton v. Dillingham Corp.*, 707 F.2d 1042, 1046 (9th Cir. 1983), *reh'g denied*, 722 F.2d 1459 (9th Cir. 1984).

the terms of the settlement violated the collective bargaining agreement.

Barina's cause of action accrued on July 12, 1980.[2] Under the then prevailing law, Barina's action against Gulf and NMU was timely. Because California law would have been the source of the applicable limitations,[3] Barina had four years to file his suit against his employer, *Singer v. Flying Tiger Line, Inc.,* 652 F.2d 1349, 1353 (9th Cir.1981) (applying the four-year limitation for suits on written contracts provided by Cal.Civ. Proc.Code § 337), and three years to file his suit against the union, *id.* (applying the three-year limitation for suits "upon liability created by statute" provided by Cal.Civ. Proc.Code § 338(1)); *accord Edwards v. Teamsters Local Union No. 36,* 719 F.2d 1036 (9th Cir.1983). As Barina filed his action less than a year after it accrued, his suit fell well within the then prevailing time limitations.

The district court, however, applied *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), retroactively.[4] It accordingly dismissed Barina's action as time barred. *Mitchell* held that the state limitation on challenges to commercial arbitration applied to suits brought by an employee against his employer to set aside a labor arbitration decision. The district court interpreted *Mitchell* as applying both to Barina's claim against Gulf and to his fair representation claim against NMU. Because California law provides a 100-day limitation period for challenges to commercial arbitration, Cal.Civ. Proc.Code § 1288.2, the district court concluded that Barina's claims against Gulf and NMU were time barred.

After the district court's decision dismissing Barina's action, the Supreme Court decided *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). *DelCostello* holds that the applicable statute of limitations in hybrid § 301/fair representation actions brought against the employer and the union is the six-month limitation period contained in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). Gulf and NMU argue that, if we decline to uphold the district court's retroactive application of *Mitchell,* we should nevertheless affirm the district court by giving retrospective operation to *DelCostello.*

## ANALYSIS

### I. Barina's suit against NMU.

■ The district court erred in applying *Mitchell* retroactively to Barina's claim against NMU. We have held that *Mitchell* applies only to the employee's claim against his *employer* and that it does not affect the limitation applicable to the employee's claim against his union. *McNaughton v. Dillingham Corporation,* 707 F.2d 1042, 1047–48 (9th Cir.1983) ("*McNaughton I*"), *reh'g denied,* 722 F.2d 1459 (9th Cir.1984) ("*McNaughton II*"); *Edwards v. Teamsters Local Union No. 36,* 719 F.2d 1036, 1039–40 (9th Cir.1983). Those holdings control here.

■ Nor can *DelCostello* be applied retroactively to bar Barina's claim against NMU. We squarely confronted that question in *Edwards v. Teamsters Local No. 36,* 719 F.2d 1036, 1040–41 (9th Cir.1983). There we decided that *DelCostello* was not

---

2. The district court selected July 12, 1980, as the date of accrual because the collective bargaining agreement afforded NMU 30 days to take a grievance decision to arbitration. Therefore Barina knew, or should have known, by July 12 that his dispute with Gulf had been finally resolved. Barina contends that accrual occurred later. Our disposition of the case makes it unnecessary to determine which of the dates urged by the parties is the correct one; *all are within the limitation period that we apply.* We therefore need not resolve whether accrual occurs when the employee learns, or should have learned, that his dispute was final-

ly resolved, as the district court held, or whether accrual occurs when the employee learns, or should have learned, that the union may have violated its duty of fair representation. For simplicity, we accept the district court's determination of accrual.

3. The parties agree that California is the appropriate source for all relevant state law.

4. *Mitchell* was decided on April 20, 1981, slightly more than nine months after Barina's cause of action accrued.

to be applied retroactively. *Accord McNaughton II.*[5]

Because *Mitchell* is inapplicable and *Del-Costello* does not apply retroactively, we reverse the district court's dismissal of Barina's action against NMU.

## II. Barina's claim against Gulf.

### A. Retroactive application of *Mitchell.*

■ In *Singer v. Flying Tiger Line Inc.,* 652 F.2d 1349, 1353 (9th Cir.1981), we held that *Mitchell* was not to be applied retroactively to an action brought by an employee against his employer to set aside an arbitration decision. That ruling controls here.[6]

Gulf argues that *Singer* should not be followed because it was effectively overruled by *Local 1020 of the United Brotherhood of Carpenters v. FMC Corporation,* 658 F.2d 1285 (9th Cir.1981), and *San Diego County District Council of Carpenters v. Cory,* 685 F.2d 1137 (9th Cir.1982). In those cases, we did apply the short state limitations applicable to actions to set aside commercial arbitration to claims arising prior to *Mitchell.* Neither case, however, discussed the retroactivity issue. More important, both cases involved a *union* suing an employer to have an arbitration decision set aside on the ground that the decision did not draw it essence from the collective bargaining agreements. That cause of action

lacks a fair representation element and thus differs from the cause of action here and at issue in *Mitchell. United Brotherhood of Carpenters v. FMC Corporation,* 724 F.2d 815, 816–17 (9th Cir.1984). Therefore, those cases do not effectively overrule *Singer.*[7]

### B. Retroactive application of *DelCostello.*

■ We lack controlling precedent concerning *DelCostello*'s retroactive application in suits brought by an employee against his employer to set aside arbitration. Therefore, we must resolve the retroactivity question by weighing the three factors specified in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971). Those factors are (1) whether the decision establishes a new principle of law, (2) whether retroactive application will further or retard the purposes of the rule in question, and (3) whether applying the new decision will produce substantial inequitable results.

The first and the third factors militate against retroactivity here. *DelCostello* establishes a new principle of law because it imposes a limitation on the employee that is eight times shorter than the limitation that applied when his claim arose. Moreover, *DelCostello* deviated from the Supreme Court's prior direction in *UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–05, 86

---

5. We recognize that the Third, Fourth, Fifth, Eighth and Eleventh Circuits reached conclusions contrary to *Edwards* and applied *DelCostello* retroactively. *Perez v. Dana Corporation,* 718 F.2d 581 (3d Cir.1983); *Murray v. Branch Motor Express Co.,* 723 F.2d 1146 (4th Cir. 1983); *Edwards v. Sea-Land Service, Inc.,* 720 F.2d 857 (5th Cir.1983); *Lincoln v. District 9 of the International Association of Machinists,* 723 F.2d 627 (8th Cir.1983); *Rogers v. Lockheed-Georgia Co.,* 720 F.2d 1247 (11th Cir. 1983). The Seventh Circuit has also applied *DelCostello* retroactively without discussing the issue. *Metz v. Tootsie Roll Industries, Inc.,* 715 F.2d 299, 301–303 (7th Cir.1983). *Edwards v. Teamsters Local Union No. 36* and *McNaughton II,* however, establish the law of this circuit and binds us. We also happen to agree with their analyses.

6. Because the plaintiff was an airline employee in *Singer,* the action against the employer was

brought under the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.,* rather than under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. This distinction, which the court in *Singer* ignored, is without import and does not provide a basis for distinguishing *Singer.*

7. In *McNaughton I,* we did apply *Mitchell* retroactively to a hybrid § 301/fair representation claim brought by an employee against his employer. In that case, however, we expressly declined to entertain plaintiff's contention that *Mitchell* should not be applied retroactively because the contention had not been raised in the district court. *Id.* at 1047 n. 5.

We reject Gulf's contention that *McNaughton I*'s reasoning requires application of California's 100-day limitation apart from its reliance on *Mitchell. Mitchell* is fundamental to *McNaughton I*'s analysis.

S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966), that the applicable statute of limitations be drawn from state law. *See Pitts v. Frito Lay, Inc.,* 700 F.2d 330, 333 n. 3 (6th Cir. 1983). As for the third factor, "it would ... produce the most 'substantial inequitable results' to hold that the respondent 'slept on his rights' at a time when he could not have known the time limitation that the law imposed on him." [8] *Chevron Oil,* 404 U.S. at 108, 92 S.Ct. at 356 (quoting *Cipriano v. City of Houma,* 395 U.S. 701, 706, 89 S.Ct. 1897, 1900, 23 L.Ed.2d 647 (1969)).

The second *Chevron Oil* factor does favor retroactivity in this case. A substantial purpose behind the six-month limitation developed in *DelCostello* is to give finality to labor disputes. 103 S.Ct. at 2294. Affording Barina four years in which to sue the employer detracts from the principle of finality. In our view, however, the strength of the considerations relating to the first and third factors outweigh that relating to the second factor in this case. *See Singer,* 652 F.2d at 1353. We conclude that *DelCostello* should not be applied retroactively to bar Barina's claim against Gulf.

*Singer, Edwards,* and *McNaughton II* confirm our decision not to apply *DelCostello* retroactively to Barina's suit against Gulf. Those cases presented issues analogous to the one we now decide. In *Singer,* we confronted the question whether a 100-day limitation mandated by *Mitchell* should be applied retroactively to an employee's suit against his employer; in *Edwards* and *McNaughton II,* the issue was whether *DelCostello*'s six-month limitation should be applied retroactively to an employee's fair representation suit against his union. All three cases resolved their analogous issues as we do here: they decided against retroactive application.

Because neither *Mitchell* nor *DelCostello* may be applied retroactively to Barina's suit against Gulf, the district court's dismissal of Barina's action against Gulf, like its dismissal of Barina's action against NMU, was erroneous. We reverse and remand for further proceedings.

---

8. The inequity of retroactive application of *DelCostello* is greatly diminished, of course, if the six-month limitation of *DelCostello* is applied to a claim arising before *DelCostello* but after *Mitchell.* The effect then is to *lengthen* the limitation from the customarily short (20–100 day) period applicable to actions to set aside commercial arbitrations. While prejudice to the defendant might occasionally result from the resurrection of a claim once thought dead, it is not likely to equal the prejudice to the plaintiff resulting from the unexpected death of a claim thought to be alive.

In this case, retroactive application of *DelCostello* would drastically shorten the limitation otherwise applicable to Barina's claim under the law of this circuit. The same was true in *Edwards* and *McNaughton II,* where we held *DelCostello* was not to be applied retroactively to unfair representation claims against a union.