URS COMPANY–KANSAS
CITY, Plaintiff,

v.

TITUS COUNTY HOSPITAL
DISTRICT, Defendant.

No. 84–1289–CV–W–5.

United States District Court,
W.D. Missouri, W.D.

Feb. 13, 1985.

R. Frederick Walters, Linde, Thomson,
Fairchild, Langworthy, Kohn & Van Dyke,
Kansas City, Mo., Thoms V. Bender, Dallas, Tex., for plaintiff.

Robert Weber, Atchley, Russell, Waldrop
& Hlavinka, Texarkana, Tex., for defendant.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Plaintiff has filed a complaint in this Court seeking an order compelling defendant to arbitrate its claim(s) against plaintiff as provided by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. Defendant has answered the complaint maintaining that the Federal Arbitration Act is inapplicable to the facts of this case and, alternatively, that the arbitration clause in question does not cover any claim defendant may bring not sounding strictly in contract. For the following reasons, an order compelling arbitration will be entered.

Plaintiff is a Missouri corporation with its principal place of business in Jackson County, Missouri. Defendant, Titus County Hospital District, is a non-profit hospital district with the authority to sue and be sued. Defendant's principal place of business is Mount Pleasant, Titus County, Texas. The amount in controversy exceeds $10,000, exclusive of interests and costs.[1]

In December of 1970, the parties entered into a contract whereby plaintiff agreed to provide architectural and related services to the Hospital District. As a term and condition of the contract, Article 11.1 of the Agreement provided:

> All claims, disputes, and other matters in question arising out of, or relating to, this Agreement or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining. This Agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law.

Defendant Titus County Hospital has filed an action against plaintiff for design malpractice, and breach of contract in the District (state) Court of Titus County, Texas. Defendant concedes the arbitrability of the contract aspects of their claim against

URS, however, maintains their design malpractice claim, insofar as they characterize it as a tort action, is not arbitrable per the Agreement. Hence, defendant refuses to arbitrate those claims.

The Federal Arbitration Act, 9 U.S.C. § 1 et seq., provides that a written provision, in a contract involving commerce,[2] to settle by arbitration a controversy arising out of such contract or transaction shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or equity. 9 U.S.C. § 2. The Federal Act empowers a District Court to grant specific performance of such an arbitration provision. 9 U.S.C. § 4.

This Court neither resolves the underlying factual controversy nor weighs the relative merits of the parties' claims. *National Railroad Passenger Corporation v. Mo. Pacific Railroad Co.*, 501 F.2d 423, 429 (8th Cir.1974). The Court's function in an action of this type does not extend beyond ascertaining whether the party seeking arbitration has made a claim which, on its face, is governed by the contract. *Id.* at 427–28. *See, Hamilton Life Ins. Co. of New York v. Republic National Life Ins. Co.*, 408 F.2d 606, 609 (2nd Cir. 1969). The standards to be applied are well-recognized and require a two-step analysis:

> (1) Is there an agreement to arbitrate, and if so, how broad is its scope?
> (2) Has there been a failure, neglect or refusal to perform said agreement?

*Id.* at 427, *see also Galt v. Libbey-Owens-Ford Glass Co.*, 376 F.2d 711 (7th Cir. 1967).

This Court's first responsibility is to determine whether or not a particular dispute is arbitrable, which is to say whether or not the parties have agreed to submit the particular dispute to arbitration. *National Railroad, supra,* 501 F.2d at 427. This threshold question of arbitrability is a

---

1. The Federal Arbitration Act itself does not furnish an independent basis of federal subject matter jurisdiction; subject matter jurisdiction must exist through a source other than this title.

2. Commerce, as defined, includes "... commerce among the several states ..." 9 U.S.C. § 1, and is satisfied herein.

question of law, however, and must be decided in light of the well-settled federal policy to construe liberally arbitration clauses. *See Davis v. Chevy Chase Financial Ltd.*, 667 F.2d 160, 167 (D.C.Cir.1981).

■ Defendant has asserted claims against plaintiff for breach of contract and design malpractice. Defendant maintains that as a tort claim, the malpractice claim is beyond the scope of the arbitration clause. It is defendant's position that the arbitration clause only covers "contract" disputes between the parties.

In determining the scope of an arbitration clause, it must be remembered that as a matter of contractual agreement, a party should not be required to submit to arbitration any dispute which he has not agreed to so submit. However, the broad arbitration clause included in the contract herein supports a finding that all defendant's claims against plaintiff are indeed properly arbitrable.

The arbitration clause neither expressly includes, nor excludes, tort claims from its purview. Nor does it attempt to limit its reach to contract claims. By its language it is very broad: *"All* claims, disputes, and *other matters* ... relating to this agreement ..."* Defendant cannot seriously contend that their claim for design malpractice, whether sounding in tort or contract, does not relate to the contractual relationship between the parties. These claims are not of a general nature, peripheral to a narrow, specific arbitration clause. *Cf. Davis v. Chevy Chase Financial,* 667 F.2d 160, 166 (D.C.Cir.1981). Viewed in the context of the agreement between the parties and the nature of their relationship, claims of the type made by defendant are foreseeable and likely disputes arising out of or relating to the agreement. Consistent with the avowed federal policy to liberally construe arbitration clauses, the Court finds the defendant's claims arbitrable.

Once finding the defendant's claims arbitrable, their failure to perform their obliga-

tions under the agreement is obvious. Plaintiff has previously demanded arbitration of defendants, which defendants have refused. They have subsequently filed this action. 9 U.S.C. § 4 provides an abbreviated procedure for obtaining specific enforcement of an arbitration agreement. Congress' goal was to further the use of arbitration as a method of expediting the disposition of commercial disputes and as a means of eliminating the expense and delay of extended court proceedings preliminary to arbitration. *National Railroad, supra,* 501 F.2d at 426. Defendant has received and responded to plaintiff's complaint and demand for arbitration. Through the inclusion of a broad arbitration clause in their contract, they have agreed to submit these issues to arbitration. *See* 9 U.S.C. § 4.

■ This Court notes that the defendant has previously raised these claims in a pending (Texas) state court proceeding. While defendant correctly states that this Court has no power to order a stay of the Texas proceeding,[3] neither has plaintiff requested one. The fact that the otherwise properly arbitrable claims were raised first in state court is no bar to the plaintiff's (defensive) use of the Federal Arbitration Act. If that were the case, federal jurisdiction could be undercut by prompt commencement of state court proceedings, as that may well be the first notice a party has of the otherwise arbitrable claim.

■ Neither does comity diminish "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *See Colorado River Water Const. Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). Only in exceptional circumstances should a federal court properly defer to a state court proceeding. Factors which might justify such deference include: (1) state court assumption of jurisdiction over a res; (2) desirability of avoiding piecemeal litigation; (3) inconvenience of the federal fo-

**3.** *See,* 9 U.S.C. § 3 (court may stay suit or proceeding in any court of the *United States* which

involves issue referable to arbitration).

rum; (4) order of initiation of the two actions. *Id.* 96 S.Ct. at 1247. Viewing the facts of this case in light of the above factors, there is no need for this Court to defer to the Texas state court action involving these parties and claims.

Accordingly, for the above stated reasons, it is hereby

ORDERED that the parties promptly proceed to arbitration in accordance with the terms and conditions of their agreement, the hearing and proceedings to be held in this district. It is further

ORDERED that the parties file a status report within sixty (60) days apprising the Court of the progress in carrying out the order of this Court.