No. 84–2016. GREYHOUND LINES, INC. *v.* WILHITE ET AL. C. A. 9th Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

In this case, the United States Court of Appeals for the Ninth Circuit held that *DelCostello* v. *Teamsters*, 462 U. S. 151 (1983) (actions brought under § 301 of the Labor Management Relations Act, 29 U. S. C. § 185, are governed by the 6-month statute of limitations provided in § 10(b) of the National Labor Relations Act, 29 U. S. C. § 160(b)), was not to be applied retroactively because such retroactive application would shorten the applicable limitations period. Cf. *Glover* v. *United Grocers, Inc.*, 746 F. 2d 1380 (CA9 1984) (applying *DelCostello* retroactively when doing so lengthened time for filing). In so holding, the Court of Appeals followed a prior decision in that court that relied on the factors outlined in *Chevron Oil Co.* v. *Huson*, 404 U. S. 97, 106–107 (1971), in deciding this retroactivity question. See *Barina* v. *Gulf Trading & Transportation Co.*, 726 F. 2d 560, 563–564 (CA9 1984).

The decision below conflicts with those in other Circuits which have held that *DelCostello* should be applied retroactively. See, *e. g.*, *Smith* v. *General Motors Corp.*, 747 F. 2d 372 (CA6 1984) (en banc); *Graves* v. *Smith's Transfer Corp.*, 736 F. 2d 819 (CA1 1984). Other Circuits have also held that the *Huson* analysis is not necessary to determine whether retroactivity is appropriate in this context. See, *e. g.*, *Welyczko* v. *U. S. Air, Inc.*, 733 F. 2d 239 (CA2), cert. denied, 469 U. S. 1036 (1984); *Smith, supra.* I would grant certiorari to resolve these conflicts.