**Billy TAYLOR, Plaintiff,**

v.

**ST. REGIS PAPER COMPANY, a New York corporation, and DOES 1 through 50, inclusive, and each of them, Defendants.**

**No. CV 82–5270–WMB.**

United States District Court,
C.D. California.

March 25, 1983.

---

Kenneth R. Petrello, Los Angeles, Cal., for plaintiff.

Robert F. Walker, Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for defendants.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

WM. MATTHEW BYRNE, Jr., District Judge.

This is an action for wrongful discharge, breach of an implied covenant of good faith and fair dealing, and violation of California Labor Code section 132a.[1] The action, originally filed in state court, was properly removed to this Court by defendant St. Regis Paper Co. (St. Regis).[2] Defendant St. Regis now brings this motion to dismiss or, in the alternative, for summary judgment. Fed. R.Civ.P. 12(b)(6); Fed.R.Civ.P. 56. Because this Court has considered materials outside the pleadings, as permitted under Rule 12(b)(6), it is appropriate to treat the instant motion as one for summary judgment.

. . . .

---

1. Although plaintiff's complaint only sets forth the three causes of action mentioned, plaintiff seeks recovery in the first and second cause of action on both contract and tort theories. This Court discusses each theory of recovery separately in making its determination.

   Section 132a provides in pertinent part:

   Any employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because the latter has filed or made known his intention to file an application with the appeals board, or because the employee has received a rating, award or settlement, is guilty of a misdemeanor and subject to the provisions of Section 4553. Any such employee shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by such acts of the employer.

   Proceedings under this section for increased compensation as provided in Section 4553, or for reinstatement and reimbursement for lost wages and work benefits, are to be instituted by filing an appropriate petition with the appeals board.... The appeals board is vested with full power, authority, and jurisdiction to try and determine finally all the matters specified in this section subject only to judicial review, except that the appeals board shall have no jurisdiction to try and determine a misdemeanor charge. Cal.Lab.Code § 132a (West Supp.1982).

2. Removal jurisdiction is based on § 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185(a) (1976), and diversity of citizenship. 28 U.S.C. § 1332(a)(1) (1976).

Plaintiff Billy Taylor (Taylor) was employed by defendant St. Regis pursuant to a collective bargaining agreement (Agreement) between St. Regis and Southern California Printing Specialties and Paper Products Union, District Council No. 2, AFL–CIO (Union). The Agreement contained a mandatory, final, and binding grievance and arbitration procedure for resolving all disputes concerning alleged breaches of the Agreement, including wrongful terminations.[3] On October 19, 1981, St. Regis terminated plaintiff's employment when he failed to report to work. On October 21, 1981, the Union brought a grievance for plaintiff's termination, alleging "unjustifiable termination." St. Regis denied the grievance. The Union processed plaintiff's grievance through Step Four of the grievance procedure,[4] but St. Regis continued to deny the grievance. Subsequent to the Step Four meeting, the grievance was not referred to arbitration.

### A. Breach of the Collective Bargaining Agreement

■ Plaintiff has alleged that his employment was terminated in violation of the provisions of the Agreement, both express and implied. As such, he states a claim under section 301 under the National Labor Relations Act. 29 U.S.C. § 185(a) (1976). However, plaintiff has not exhausted the mandatory contractual grievance and arbitration procedure and his claims are therefore barred. *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 562–63, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976); *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652–53, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965). To the extent plaintiff alleges claims based upon a contractual theory for breach of the Agreement, summary judgment in favor of defendant on these claims is granted.

### B. State Law Tort Claims

Plaintiff argues that his first and second claims also sound in tort, and with respect to these claims, he is not subject to the contractual exhaustion requirement. Defendant contends, however, that to the extent plaintiff has alleged state tort claims, these claims are preempted by federal labor law.

■ In *Farmer v. United Brotherhood of Carpenters,* 430 U.S. 290, 293, 97 S.Ct. 1056, 1059, 51 L.Ed.2d 338 (1977), the issue faced by the Court was whether a union member's claim for intentional infliction of emotional distress, a state tort claim, was preempted by the National Labor Relations Act. The union member-employee had alleged that he was discriminated against in hiring hall referrals and was subjected to a campaign of personal abuse and harassment, specifically "that defendants had intentionally engaged in outrageous conduct, threats, and intimidation." The Court set out the three general factors which should guide a court in making a preemption determination: (1) whether the underlying conduct is protected under the federal labor laws—if the conduct is unprotected, there is "no risk that permitting the state cause of action to proceed would result in state regulation of conduct that Congress intended to

---

3. Articles XV and XVI set forth the exclusive remedy for alleged breaches of the Agreement. *See* Exhibit A, Affidavit of John Edwards, Jr. While the discretionary term "may" is used with reference to the grievance and arbitration procedure, this refers only to the fact that every grievance need not be processed to arbitration. *Ceres Marine Terminals, Inc. v. International Longshoremen's Ass'n, Local 1969,* 683 F.2d 242 (7th Cir.1982); *United Steelworkers of Am. v. Fort Pitt Steel Casting,* 598 F.2d 1273, 1279 (3d Cir.1979); *Local 771, I.A.T.S.E. v. RKO General, Inc.,* 546 F.2d 1107, 1116 (2d Cir.1977); *J.C. Bonnot v. Congress of Indep. Unions Local # 14,* 331 F.2d 355, 359 (8th Cir.1964).

4. The grievance procedure provided for a series of meetings for settlement discussion and dispute resolution. There were four different "steps" of meetings beginning with Step One, a meeting between the aggrieved employee and his supervisor, and ending with Step Four, a meeting of the Union Business Representative and the Personnel Manager for St. Regis. If the grievance was unresolved after the Step Four meeting, the matter could be referred to arbitration at the request of either party. Exhibit A, Affidavit of John Edwards, Jr., Article XV of the Agreement.

protect"; (2) whether there is an overriding state interest in remedying the alleged wrongs; and (3) whether there is a realistic threat that the "state cause of action would interfere with the effective administration of national labor policy." 430 U.S. at 298, 97 S.Ct. at 1062 (citing *Linn v. Plant Guard Workers,* 383 U.S. 53, 61–63, 86 S.Ct. 657, 662–63, 15 L.Ed.2d 582 (1966)).

The Court focused on the overlap between the state tort and an action based upon the same events under federal labor law. While noting that discriminatory job referrals were actionable under federal law, the Court recognized that the alleged "outrageous conduct" was not protected by federal labor law, that the state had a substantial interest in regulating the kind of conduct which is necessary to state a claim for intentional infliction of emotional distress, and that the state interest did not "threaten undue interference with the federal regulatory scheme." 430 U.S. at 302, 97 S.Ct. at 1064. The Court observed that an action before the National Labor Relations Board would not focus on the same issues as the state tort action and would not seek to redress the union member's emotional distress. Although the Court found that the specific claim alleged was not preempted, it emphasized that in order to come within the exception to the normal rule of preemption, the claim must involve "something more" than the union discrimination that formed the basis of the federal labor claim. *Id.* 430 U.S. at 305, 97 S.Ct. at 1066. Specifically, the Court stated, "it is essential that the state tort be either unrelated to the employment discrimination or a function of the particularly abusive manner in which the discrimination is accomplished or threatened rather than a function of the actual or threatened discrimination itself." *Id.*

Thus, in *Magnuson v. Burlington Northern, Inc.,* 576 F.2d 1367 (9th Cir.), *cert. denied,* 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978), where the Ninth Circuit found that all the damages alleged under a discharged railroad employee's claim for intentional infliction of emotional distress flowed as a mere incident of his allegedly wrongful termination rather than as a result of any independent outrageous conduct, the court held that the state tort claim was preempted. *Id.* at 1369. The court found that where the gravamen of the complaint is wrongful discharge, allowing employees to avoid the federal labor scheme by merely alleging an emotional injury would thwart the congressional purpose of providing a comprehensive scheme for settlement of employer-employee disputes in the railroad industry without resort to the courts. *Id.; see also Brice v. McDonnell Douglas Corp.,* 111 L.R.R.M. (BNA) 2031, 2034 (C.D.Cal. 1982) (state claims preempted because "inextricably intertwined" with claim for breach of collective bargaining agreement).

■ In the instant action, plaintiff's state tort claims for wrongful discharge and breach of an implied covenant of good faith and fair dealing are merely incidents of his federal claim for breach of the collective bargaining agreement arising from his allegedly wrongful termination. All of plaintiff's claimed damages arise from his wrongful dismissal from his employment, rather than as a result of any independent tortious conduct. Therefore, this Court finds that plaintiff's state tort claims are preempted by federal labor law and with respect to these tort claims, summary judgment in favor of defendant is granted.

### C. Violation of California Labor Code Section 132a

■ Plaintiff also alleges that he was discharged in retaliation for filing a worker's compensation claim. Plaintiff has not filed a claim under California Labor Code section 132a with the California Worker's Compensation Appeals Board. Because the California Worker's Compensation Appeals Board has exclusive jurisdiction of the section 132a claim, this Court must dismiss plaintiff's third cause of action. *Portillo v. G.T. Price Products, Inc.,* 131 Cal.App.3d 285, 289–90, 182 Cal.Rptr. 291, 293–94 (1982).

Therefore, for the reasons mentioned above,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

(1) Defendant's motion for summary judgment is GRANTED; and

(2) Judgment be entered in favor of defendant on all claims.