**Alvy R. HARPER, Plaintiff/Appellant,**

v.

**SAN DIEGO TRANSIT CORPORATION; San Diego AFL–CIO Bus Drivers Local Division 1309 of the Amalgamated Transit Union, Defendants/Appellees.**

No. 84–6205.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 1985.

Decided June 25, 1985.

Diane R. King, San Diego, Cal., for plaintiff/appellant.

Jon R. Betts, Richard D. Prochazka, San Diego, Cal., for defendants/appellees.

Before KENNEDY, HUG and FERGU-SON, Circuit Judges.

FERGUSON, Circuit Judge:

Alvy R. Harper ("Harper") sued his former union, San Diego AFL–CIO Bus Drivers Local Division 1309 of the Amalgamated Transit Union ("Union"), and his former employer, San Diego Transit Corporation ("Corporation"), in state court over his discharge from employment. Defendants removed the complaint to federal court on the ground that federal labor law formed the basis for and preempted Harper's claims of breach. The district court then granted defendants' motions to dismiss or for summary judgment without leave to amend on the ground that federal labor law preempted Harper's claims, and the applicable six-month federal statute of limitations barred the action.

The Union and the Corporation argue that removal was proper, that all the claims are preempted by federal labor law, and that they were properly dismissed as time-barred. Harper contends that his claims are not preempted, not replaced by any federal remedy, and not removable. We agree with the Union and the Corporation and thus affirm the district court.

## I. FACTS

Harper had worked for the Corporation for sixteen years at the time of his discharge. He was a member of the Union in good standing. His complaint alleges that a collective bargaining agreement governed the terms and conditions of his employment and discharge. In fact, Harper alleges that his discharge violated Section 18, "Miss-Outs" (attached as Exhibit A to his complaint), of his collective bargaining agreement.

The bus company fired Harper for having five unexcused "miss-outs" (absences) within a six-month period. Harper alleges that Company policy "had always been to excuse a 'miss-out' that was due to car problems. At least 1 of Plaintiff's unexcused 'miss-outs' was due to car trouble, yet, despite the fact that he informed De-fendant of the car trouble, Plaintiff was discharged." Complaint p. 3. Harper also alleges, and includes in his complaint, the grievance and arbitration procedures of his collective bargaining agreement. He asserts that he demanded that the Union initiate grievance procedures in his behalf, but that the Union "without any just or reasonable cause or reason whatsoever and in violation of its obligations of fair representation failed and refused, and continues to fail and refuse to arbitrate Plaintiff's grievance." Complaint p. 10.

Harper asserts the following claims: breach of contract against the Corporation; breach of duty of fair representation against the Union; breach of oral contract of employment (apparently abandoned on appeal); wrongful termination in breach of the implied covenant of good faith and fair dealing; and wrongful termination in violation of "company policy regarding termination of employment." Defendants removed the case to federal court on the ground that the complaint, on its face, stated claims arising exclusively under federal labor law, and that these claims preempted any state law claims that Harper had alleged. The district court granted defendants' motions to dismiss or for summary judgment without leave to amend on the ground that federal labor law preempted Harper's claims, and the applicable six-month federal statute of limitations barred the action.

## II. STANDARD OF REVIEW

The district court failed to specify whether it was granting defendants' motions to dismiss or their motions for summary judgment. If "matters outside the pleading are presented to and not excluded by the court," a motion of this type "shall be treated as one for summary judgment." Fed.R.Civ.P. 12(b); *see* Fed.R.Civ.P. 56. The Union submitted the Affidavit of Edward O. Reed in Support of Union's Motion for Dismissal And/Or Summary Judgment, and it does not appear to have been excluded by the court. Thus, the district court's action is most accurately described as a

grant of a motion for summary judgment. The standard of review for both decisions, however, is de novo. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 580 (9th Cir.1983) (de novo review of motion to dismiss for failure to state a claim upon which relief could be granted); *Lojek v. Thomas*, 716 F.2d 675, 677 (9th Cir.1983) (de novo review of grant of summary judgment).

## III. REMOVAL

The Union asserts that Harper never moved to remand and, therefore, he waived his right to seek remand on appeal. Harper did, however, devote two pages of his opposition to the motions to dismiss or for summary judgment to seeking remand to the state court. Thus, the question this panel faces is whether the cases were properly removed.[1]

### A. *Removal Jurisdiction Rests on a Federal Claim Stated in the Complaint*

A suit can be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally, that is, if " 'a right or immunity created by the Constitution or laws of the United States ... [is] an element, and an essential one, of the plaintiff's cause of action.' " *Olguin v. Inspiration Consolidated Copper Co.*, 740 F.2d 1468, 1471 (9th Cir.1984) (quoting *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936) ). *See Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir.1977).[2] In this case, the question is whether Harper's own complaint stated a federal cause of action under section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

A claim cannot be removed to federal court if the federal claim is only a defense, because a federal defense would not be an element of plaintiff's cause of action. *Hunter v. United Van Lines*, 746 F.2d 635, 639 (9th Cir.1985). Because preemption is ordinarily raised as a defense, preemption alone is an insufficient basis for removal. *Guinasso v. Pacific First Federal Savings & Loan Association*, 656 F.2d 1364, 1366 (9th Cir.1981), *cert. denied*, 455 U.S. 1020, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982). *Accord Hunter v. United Van Lines*, 746 F.2d at 639–40; *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1370 (9th Cir.1984) *cert. denied*, — U.S. ——, 105 S.Ct. 2319, 85 L.Ed.2d 839 (1985). However, "[r]emoval may be appropriate when federal law not only displaces state law but also confers a federal remedy on the plaintiffs or compels them to rely, explicitly or implicitly, on federal propositions." *Guinasso, 656 F.2d at 1367* (footnote omitted).

Whether federal law confers a remedy in turn implicates the well-pleaded complaint rule.

A plaintiff may not, however, avoid federal jurisdiction simply by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law. Jurisdiction is determined on the basis of the *well-pleaded* complaint. A complaint that is "artfully pleaded" to avoid federal jurisdiction

---

**1.** If no objection to removal had been made, the issue on appeal would be: "not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court." *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972). As the discussion of removal shows, however, in this case the question we face would be the same even if plaintiff did not object to remand: Did Harper's complaint state a federal cause of action?

**2.** Contrary to Harper's claim in the district court, concurrent state court jurisdiction over a cause of action arising under federal law does not prevent removal. 28 U.S.C. § 1441(a) contains no provision that the federal courts must have exclusive jurisdiction in order for a case to be removed. In fact, just the opposite is the case. The federal court's jurisdiction is derivative of the state court's. "If a state court in which a case is first filed lacks subject matter jurisdiction, the federal court to which the case is removed also lacks jurisdiction." *Dyer v. Greif Brothers, Inc.*, 755 F.2d 1391, 1393 (9th Cir.1985).

may be recharacterized as one arising under federal law.

*Olguin,* 740 F.2d at 1472 (citations omitted; emphasis in original). *See Hunter,* 746 F.2d at 640–43. Claims fitting the artful pleading category, however, are the exception, and not the rule; plaintiff is generally free to be the master of his own complaint. *Hunter,* 746 F.2d at 640–41; *Salveson v. Western States Bankcard Association,* 731 F.2d 1423, 1427 (9th Cir.1984). The question we address, therefore, is whether Harper's claims not only arise under federal laws that displace state laws, but whether they also arise under federal laws that confer upon him a federal remedy.

B. *The Causes of Action Against the Employer for Breach of Contract, Breach of Company Policy in Interpreting the Miss-out Provision of the Contract, and Against the Union for Breach of the Duty of Fair Representation Appear on the Face of the Complaint and State a Federal Claim; They Were Therefore Properly Removed.*

■ Harper alleges outright that the Union breached its duty of fair representation by failing to follow the grievance and arbitration procedures of his collective bargaining agreement. The duty of fair representation is explicitly based on federal labor law, section 301 of the LMRA. *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967).

■ Harper also alleges outright that the Corporation breached the collective bargaining agreement and breached company policy in interpreting a provision of the collective bargaining agreement concerning miss-outs. Breach of a collective bargaining agreement—and breach of a provision of a collective bargaining agreement—also arise under section 301. *Allis-Chalmers Corp. v. Lueck,* —— U.S. ——, ——, 105 S.Ct. 1904, 1910, 85 L.Ed.2d 206 (1985); *Olguin,* 740 F.2d at 1474; *Sheeran v. General Electric Co.,* 593 F.2d 93, 96 (9th Cir.), *cert. denied,* 444 U.S. 868, 100 S.Ct. 143, 62 L.Ed.2d 93 (1979).

The breach of contract and breach of duty of fair representation claims which the complaint explicitly alleges (*contra, e.g., Olguin,* 740 F.2d at 1470 ("complaint was carefully worded to avoid any direct reference to the collective bargaining agreement"); *Sheeran,* 593 F.2d at 96 ("appellants did not refer to the collective bargaining agreements in their complaint")), are therefore preempted by federal law. There is no question of "artful pleading" or implying claims not apparent from the face of the complaint. Harper alleges these claims and it is apparent from the face of his complaint that they are federal claims. Therefore, they are removable. *Hunter,* 746 F.2d at 642; *Garibaldi,* 726 F.2d at 1370–71 & n. 5.

C. *The Complaint Asserts, on its Face, that the Collective Bargaining Agreement Provides the Same "Just Cause" Protection Against Discharge as State Wrongful Termination Law Provides; It Therefore also States a Federal Claim and was Properly Removed.*

■ In California, a tort claim may redress violation of the covenant of good faith and fair dealing's prohibition against wrongful termination. *Cleary v. American Airlines, Inc.,* 111 Cal.App.3d 443, 168 Cal.Rptr. 722 (1980). Harper explicitly asserts that he was wrongfully discharged in violation of California's interest in "an express or implied contract term that the employee was hired to serve so long as he or she performed to the satisfaction of the employer." *Garibaldi,* 726 F.2d at 1373 (describing the interest protected by *Cleary*). We must decide whether federal labor law leaves room, in this case, for California's tort action for breach of the duty of good faith by wrongful termination.

In *Allis-Chalmers,* the Supreme Court held that section 301 preempts the Wisconsin tort of breach of the duty of good faith in handling an insurance claim where the insurance coverage is incorporated by reference into the collective bargaining agree-

ment. The Court described claims preempted by section 301: "Thus, questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions are in the context of a suit for breach of contract or in a suit alleging liability in tort." —— U.S. at ——, 105 S.Ct. at 1911. The Court described state claims that survive federal preemption: "state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Id.* And the Court used the following analysis to distinguish between claims that are preempted by and claims that survive federal labor law:

> Therefore, state-law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are preempted by those agreements.... Our analysis must focus, then, on whether the Wisconsin tort action for breach of the duty of good faith as applied here confers nonnegotiable state law rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract.

At —— – ——, 105 S.Ct. at 1912 (citation and footnote omitted).

The law of our circuit is in accord with *Allis-Chalmers. Garibaldi v. Lucky Food Stores, Inc.,* 726 F.2d 1367 (9th Cir.1984), recognized that wrongful termination in violation of state public policy (in that case, firing the employee for "whistle blowing" about the employer's delivery of adulterated milk in violation of California state law) survives federal preemption. This tort clearly implicates "proscribe[d] conduct," "state-law rights and obligations," and "non-negotiable state-law rights" within the meaning of *Allis-Chalmers. Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209 (9th Cir.1980), held that wrongful discharge in violation of the collective bargaining agree-

ment was preempted. Under *Allis-Chalmers,* that tort implicates issues "inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers,* —— U.S. at ——, 105 S.Ct. at 1912. *See also Buscemi v. McDonnell Douglas Corp.,* 736 F.2d 1348, 1350–51 (9th Cir. 1984) (violation of implied contract term requiring just cause preempted); *Taylor v. St. Regis Paper Co.,* 560 F.Supp. 546, 548– 49 (C.D.Cal.1983).

In all the cases in our circuit in which preemption was found, however, the collective bargaining contract provided sufficient protection against wrongful termination. We have therefore never found the state tort protection waivable or negotiable. *Garibaldi,* for example, implied in dicta that California's tort of wrongful discharge in violation of the *Cleary* covenant might be preempted because "[n]o such lack of job security exists for *union* employees." 726 F.2d at 1374–75 n. 11. *Olguin,* in holding a claim for wrongful discharge removable, stated: "The [collective bargaining] agreement provides the same or greater protection of job security that state tort law seeks to provide for nonunionized employees; accordingly federal law preempts state law." 740 F.2d at 1474. The other decisions finding preemption and removal jurisdiction seem to assume that the collective bargaining agreement actually provided the protections that plaintiff sought. *E.g., Schroeder v. Trans World Airlines, Inc.,* 702 F.2d 189, 191 (9th Cir.1983) ("[s]uch topics are discussed in the collective bargaining agreement").

█ Harper alleges that his termination breached the duty of good faith and fair dealing in his labor contract. There is no indication that the "good cause" provision of his contract provided any less protection than California wrongful termination law. Thus, it is unnecessary to address whether state law confers nonnegotiable rights on employees. *See* Comment, *NLRA Preemption of State Wrongful Discharge Claims,* 34 Hast.L.J. 635, 637–38 (1983) (California "state law grants the employee a substan-

tive right not to be discharged which is independent of the collective agreement and which his or her union arguably may not waive") (footnote omitted). They were not, in any event, negotiated away.

Harper's complaint alleges: "At all times herein mentioned the [collective bargaining] agreement prohibited Defendant employer from discharging any employee covered by the agreement except for *good cause* after a proper hearing." Complaint ¶ 6 (emphasis supplied). The collective bargaining agreement grants Harper the same job security of requiring just cause for dismissal that state law affords. Thus, federal preemption jeopardizes no independent state right here. Because this is apparent from Harper's complaint, and is not a defensive allegation, this claim too is based on federal law and was properly removed. If the complaint had not clearly pled violation of the just cause requirement of the collective bargaining agreement, the result might have been different.

IV. *DelCostello's Six-Month Statute of Limitations Bars Harper's Claims for Relief Arising Under Section 301*

■ In *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that the six-month statute of limitations for making charges of unfair labor practices to the NLRB, contained in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), also applies to hybrid duty-of-fair-representation/ breach-of-collective-bargaining-agreement claims arising under section 301. 462 U.S. at 155, 103 S.Ct. at 2285. The Union never brought Harper's claim to arbitration. This six-month statute of limitations applies to actions brought against a union and an employer regardless of whether the original grievance was arbitrated. *Barina v. Gulf Trading & Transportation Co.,* 726 F.2d 560, 561 n. 1 (9th Cir.1984) (citation omitted). The six-month statute of limitations thus applies to Harper's claim.

■ The question remains open in this circuit "whether accrual occurs when the employee learns, or should have learned, that his dispute was finally resolved, ... or whether accrual occurs when the employee learns, or should have learned, that the union may have violated its duty of fair representation." *Barina,* 726 F.2d at 562 n. 2. In Harper's case, that was the same day—August 3, 1983, the day that Harper received Local 1309's letter that it would not pursue arbitration of his discharge.

■ Harper claims, however, that the Union continually breached its duty of fair representation by continuing to fail to pursue his grievance. This continuing breach theory finds no support in the case law, and it contradicts one of the premises of the hybrid § 301 lawsuit. The wrong of which Harper complains is a hybrid wrong, caused by both the employer and the Union. The suit to vindicate the wrong is a hybrid action; and the date of accrual should reflect this by measuring the date of accrual from the last day that both the Union and the employer could have finally resolved the dispute. *Accord Aragon v. Federated Department Stores, Inc.,* 750 F.2d 1447, 1453–54 (9th Cir.1985) (applying same statute of limitations to claims against employer and union that accrued pre-*DelCostello).*

■ Harper's cause of action therefore accrued, at the latest, on August 3, 1983. This was more than one month after the Supreme Court decided *DelCostello,* so there is no question about the applicability of the six-month statute of limitations to this suit. Harper's complaint was filed on March 15, 1984, after the statute of limitations had run. His claims are therefore time-barred.

V. *Defendants Are Not Entitled to Attorneys' Fees or Costs on Appeal*

■ The Union and the Corporation seek attorneys' fees and costs against Harper and his attorney as a sanction for bringing a frivolous appeal. They are correct that "[t]his court has discretion to award damages, including attorneys' fees, and single or double costs as a sanction

against bringing a frivolous appeal." *General Brewing Co. v. Law Firms of Gordon, Thomas, Honeywell, Malanca, Peterson & O'Hearn,* 694 F.2d 190, 193 (9th Cir.1982). *See* Fed.R.App.P. 38; 28 U.S.C. § 1927; *McConnell v. Critchlow,* 661 F.2d 116, 118–19 (9th Cir.1981). The standard for determining frivolity, however, is whether "the result is obvious or the arguments of error advanced are wholly without merit." *International Union of Petroleum & Industrial Workers v. Western Industrial Maintenance, Inc.,* 707 F.2d 425, 430 (9th Cir.1983).

California's wrongful termination law is in its nascent stages. The relationship between state wrongful termination claims and federal law is still being explored in our circuit, and the cases show contrasting results based on the particular state tort alleged. *Compare Garibaldi,* 726 F.2d 1367 (9th Cir.1984) (wrongful discharge claim not preempted and not removable), *with Olguin,* 740 F.2d 1468 (9th Cir.1984) (wrongful discharge claim preempted and properly removed). The relationship between state wrongful termination claims and federal labor law is similarly unsettled throughout the country. *See* Comment, 34 Hast.L.J. 635 (1983); *Allis-Chalmers,* —— U.S. at ——, 105 S.Ct. at 1916 ("The full scope of the pre-emptive effect of federal labor-contract law remains to be fleshed out on a case-by-case basis."). Thus, the result in Harper's case is not obvious and the claims are not frivolous. Sanctions are therefore inappropriate.

AFFIRMED.

KENNEDY, Circuit Judge, concurring:

I concur. If a state tort claim for wrongful discharge is encompassed also by the federal law pertaining to violation of the obligations of a collective bargaining agreement, federal law will control the case; and removal to a federal forum cannot be prevented merely by the structure of the state court pleadings. *Olquin v. Consolidated Copper Co.,* 740 F.2d 1468, 1474 (9th Cir. 1984). Counsel must be alert to the consequence that in such cases the federal stat-

ute of limitations rule, not the limitations statute of the state, will be applicable. That is the case here.