Robert STEWART, Appellant,

v.

**BURLINGTON NORTHERN RAILROAD COMPANY,** Respondent.

**No. WD 39114.**

Missouri Court of Appeals, Western District.

Oct. 27, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 29, 1987.

Application to Transfer Denied Feb. 17, 1988.

Michael W. Manners, Independence, for appellant.

Thomas E. Deacy, Jr., Edward W. Mullen, Phillip B. Grubaugh, Kansas City, for respondent.

Before KENNEDY, C.J., and
PRITCHARD and LOWENSTEIN, JJ.

KENNEDY, Chief Judge.

Plaintiff appeals from a summary judgment for defendant in plaintiff's service letter claim, Sec. 290.140, RSMo 1978.[1]

Plaintiff was employed by the defendant Burlington Northern Railroad Company as an engineer until he was discharged November 19, 1980. On January 22, 1981, he requested a service letter which would set forth among other things "the reason for my termination." The employer did not respond. This suit followed in August, 1983.

The ground for defendant railroad's motion for summary judgment and for the trial court's grant thereof was that plaintiff's service letter claim under state law was preempted by the Railway Labor Act, 45 U.S.C. Sec. 151 et seq., and that plaintiff's remedy lay exclusively with the National Railroad Adjustment Board through the procedures provided by the Act, 45 U.S.C. Sec. 153.

There existed between plaintiff's labor union and the railroad a collective bargaining agreement, which contained the following provision as "Rule 65":

### SERVICE LETTERS

When a fireman who has been in the service three months or more leaves the service, he will, if he so desires, be furnished a letter stating time and kind of service, and whether leaving on account of resignation or dismissal.

The agreement also provided that if an engineer is dismissed—which could not be done without notice and a hearing, with an opportunity to defend—he would be given "written notice." The agreement provided for the dismissed employee's appeal "through regular channels" from a dismissal or other discipline.

The railroad in compliance with the written notice requirement of the agreement furnished to plaintiff a letter dated November 18, 1980, notifying him of his dismissal for violation of certain sections of the Operating Rules "by being quarrelsome, failing to give a factual report of an irregularity, use of profane and vulgar language and entering into an altercation with a fellow employee" at a specified time and place.

An affidavit submitted by the railroad in connection with its motion for summary judgment says that in 1980 and for many years before that, it had been the custom and practice of the railroad to include in its "written notice" of any discipline of an employee a statement of the basis and reasons for the discipline, as it had done in the notice to plaintiff.

*Hull v. Central Transp., Inc.*, 628 F.Supp. 784, (N.D.Ind.1986), is the only case cited to or discovered by us in which a discharged railroad employee has asserted against the railroad a service letter claim based upon a state statute, in which the court considered the issue of preemption by federal law and a collective bargaining agreement entered into by the parties in pursuance thereof. In that case the court sustained the claim of preemption. It based its decision upon the general rule that when a collective bargaining agreement provides protection which is the same as or greater than that provided by state

1. Sec. 290.140, RSMo 1978 read as follows:

**Letter of dismissal, when—failure, misdemeanor.**—Whenever any employee of any corporation doing business in this state shall be discharged or voluntarily quit the service of such corporation, it shall be the duty of the superintendent or manager of said corporation, upon the written request of such employee to him, if such employee shall have been in the service of said corporation for a period of at least ninety days, to issue to such employee a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee has quit such service; and if any such superintendent or manager shall fail or refuse to issue such letter to such employee when so requested by such employee, such superintendent or manager shall be deemed guilty of a misdemeanor, and shall be punished by a fine in any sum not exceeding five hundred dollars, or by imprisonment in the county jail for a period not exceeding one year, or by both such fine and imprisonment. The statute has since been amended. L.1982, p. 511, Sec. 1.

tort law, federal law concerning the collectively bargained agreement will preempt the state cause of action. *Harper v. San Diego Transit Corp.*, 764 F.2d 663, 668 (9th Cir.1985); *Marine Transp. Lines, Inc. v. International Organiz. of Masters, Mates and Pilots*, 609 F.Supp. 282, 287 (S.D.N.Y. 1985).

In the case before us, we are satisfied that the collective bargaining agreement furnished to the discharged employee, as the collective bargaining agreement in *Hull* was held to do, equal or greater protection than does the service letter statute. Rule 65, quoted above, requires the railroad to furnish to the terminated employee a letter stating the term of his employment, the kind of work he has done, and whether he had quit voluntarily or had been dismissed. The agreement also provides for a notice to a discharged employee. This notice contains not only the fact of the discharge but, as a matter of long-standing custom and practice, states the reason for the discharge. The notice furnished to plaintiff did in fact state in some detail the reasons for his discharge.

The contract does not by its express terms require that the written notice state the reasons for the discharge. However, the railroad's long practice of including in the notice the reasons for the discharge makes the statement of the reasons obligatory upon it, as if it had been written into the contract in express terms. *Detroit and Toledo Shoreline R.R. Co. v. United Transp. Union*, 396 U.S. 142, 90 S.Ct. 294, 24 L.Ed.2d 325 (1969); *Missouri Pacific Joint Protective Board v. Missouri Pacific R.R. Co.*, 730 F.2d 533 (8th Cir.1984); *District 146, Int'l. Ass'n. of Machinists and Aerospace Workers v. Taca Int'l Airlines*, 467 F.Supp. 441 (S.D.Florida 1979).

Plaintiff does not challenge this proposition, but in his reply brief says that the railroad, though it may be obligated to state in its notice of discharge a reason for the discharge, is not obliged thereby to tell the truth—that only the service letter statute makes that requirement and gives the employee that protection. We think, however, that the railroad's obligation to state

the reason for the discharge implies an obligation to state the reason truthfully. *See Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 1913, 85 L.Ed.2d 806 (1985). Its failure to do so is cognizable in the compulsory arbitration procedure by the National Railroad Adjustment Board. ·Suppose for instance the railroad in its notice to the discharged employee gave a false reason for the discharge. The employee upon appeal to the NRAB would be entitled to redress if it were found that the stated reason was not a sufficient reason or that it were not the true reason; the railroad would upon principles of estoppel, 31 C.J.S. *Estoppel*, Sec. 116 (1964), be bound by its stated reason, and would not be permitted to show upon the employee's appeal that it had another unstated reason for the discharge. The arbitration remedies normally imposed by arbitrators—reinstatement, back pay, vacation pay, etc.— would be peculiarly suitable to redress the injury to the employee. *Cf. Lancaster v. Norfolk & Western Ry. Co.*, 773 F.2d 807, 817 (7th Cir.1985), *cert. denied*, — U.S. ——, 107 S.Ct. 1602, 94 L.Ed.2d 788 (1987).

The collective bargaining agreement, then, covers the same ground with respect to the discharged employee's entitlement to a service letter, and with respect to the contents of such service letter as does Missouri's service letter statute. The collective bargaining agreement has "the imprimatur of the federal law upon it." *State of California v. Taylor*, 353 U.S. 553, 561, 77 S.Ct. 1037, 1042, 1 L.Ed.2d 1034 (1957). That being the case, the state service letter statute and the state court remedy are preempted by the collective bargaining agreement. *Detroit and Toledo Shoreline R.R., supra; Missouri Pacific Joint Protective Board, supra; District 146, Int'l Ass'n of Machinists and Aerospace Workers, supra.*

Since we have placed our holding upon the narrower ground, *i.e.*, that the collective bargaining agreement provided to the employee equal or greater protection than Missouri's service letter statute, we do not need to deal with the broader questions whether the Railway Labor Act and collective bargaining agreements entered into in

pursuance thereof preempt the rights and duties imposed by Missouri's service letter statute and the employee's state remedy thereunder when the collective bargaining agreement is silent about a service letter, or furnishes to the employee less protection than the service letter statute.

Judgment affirmed.