94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul MONTAG, Plaintiff-Appellant,
v.
The AEROSPACE CORPORATION; J.R. Parsons, et al.,
Defendants-Appellees.
 No. 95-55674.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1996.
Decided Aug. 12, 1996.
 
 Before: FLETCHER, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Paul Montag appeals from the district court's orders denying his motion to remand and granting defendants Rule 12(c) motion for judgment on the pleadings. We affirm in part, reverse in part, and remand.
 
 BACKGROUND
 
 3
 After being laid off from his position as an engineer, Montag filed suit in state court against his former employer, the Aerospace Corporation, and his supervisor, J.R. Parsons (collectively "Aerospace"). His complaint alleged three state law causes of action: (1) "wrongful termination," (2) breach of the implied covenant of good faith and fair dealing, and (3) wrongful discharge in violation of public policy.
 
 
 4
 Aerospace filed a notice of removal, contending that the action was preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Aerospace asserted that plaintiff was a member of a bargaining unit governed by a collective bargaining agreement and that his claims were dependent on an interpretation of the CBA.
 
 
 5
 Montag moved to remand, contending that the claims were not preempted by section 301. The court denied Montag's motion to remand. Aerospace subsequently filed a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) on the grounds that the claims were preempted by section 301. The court granted the motion. Montag timely appealed.
 
 STANDARD OF REVIEW
 
 6
 The district court's denial of a motion to remand a removed case for lack of removal jurisdiction is reviewed de novo. Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 747 (9th Cir.1993). The district court's grant of a Rule 12(c) motion for judgment on the pleadings is reviewed de novo. Merchants Home Delivery Serv. v. Frank B. Hall & Co., 50 F.3d 1486, 1488 (9th Cir.1995), cert. denied, 116 S.Ct. 418 (1995).
 
 DISCUSSION
 
 7
 Section 301 of the LMRA provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Federal law exclusively governs a suit for breach of a collective bargaining agreement under section 301 and preempts any state cause of action based on a CBA or whose outcome depends on analysis of the terms of the CBA. Cook v. Lindsay Olive Growers, 911 F.2d 233 (9th Cir.1990); Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir.1987). If a state law claim is completely preempted by section 301, "the state law cause of action necessarily becomes a federal one and can be removed." Milne Empl. Ass'n v. Sun Carriers, 960 F.2d 1401, 1406 (9th Cir.1992), cert. denied, 508 U.S. 959 (1993).
 
 
 8
 For preemption analysis, it is not dispositive that Montag's complaint is framed without reference to the CBA. Cook, 911 F.2d at 237. "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985) (internal citation omitted). However, if a state law claim can be resolved without interpreting the CBA itself, "the claim is 'independent' of the agreement for § 301 pre-emption purposes." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 410 (1988).
 
 A. The Applicability of Preemption Analysis
 
 9
 In his reply brief, Montag contends that he is not a member of the union or the bargaining unit and therefore is not subject to the CBA. This court ordinarily will not consider matters not specifically and distinctly raised and argued in an appellant's opening brief. Officers for Justice v. Civil Serv. Comm'n, 979 F.2d 721, 726 (9th Cir.1992), cert. denied, 507 U.S. 1004 (1993). Even if we address Montag's contention, the contention is unavailing. Although Montag is not a member of the union, this does not mean that he is not subject to the CBA. The CBA covers all members of the bargaining unit. It defines the bargaining unit to include all regular non-supervisory MTS Level III employees, whether or not they are members of the union. As an engineer, Montag was a non-supervisory MTS Level III employee. Thus, he was a member of the bargaining unit and covered by the CBA.
 
 
 10
 Montag contends that because he never executed a written authorization upon entering employment and Aerospace never deducted union dues from his earnings, he is not a member of the bargaining unit. However, section 308 of the CBA, upon which Montag relies for this assertion, merely states that "[d]eductions will only be made from the earnings of a member of the bargaining unit who has executed and delivered to the Company a written authorization each time the employee enters or re-enters the bargaining unit." This means that Aerospace cannot deduct dues without a written authorization, but it does not mean that an employee does not become a member of the bargaining unit without written authorization.[1]
 
 
 11
 In his reply brief, Montag also contends that his complaint is not subject to LMRA preemption because preemption violates the Seventh Amendment right to a jury trial. Even if we were to reach the merits of this contention, but see Officers for Justice, 979 F.2d at 726, the contention would fail. Congress has the power to preempt state law pursuant to the Supremacy Clause of Article VI of the Federal Constitution. Allis-Chalmers, 471 U.S. at 208. Moreover, a plaintiff bringing a proper claim under the LMRA is not barred from receiving a jury trial. See Teamsters v. Terry, 494 U.S. 558, 561 (1990) (holding that an employee who seeks relief in the form of backpay for a union's breach of its duty of fair representation has a Seventh Amendment right to trial by jury); Zuniga v. United Can Co., 812 F.2d 443 (9th Cir.1987) (describing jury trial in plaintiff's section 301 action against his employer for breach of the CBA and against the union for breach of the duty of fair representation).
 
 B. Breach of Contract Claim
 
 12
 Montag's first cause of action for "wrongful termination" alleges that he had an oral employment contract with Aerospace which Aerospace breached by terminating him despite his satisfactory job performance. Montag contends that this claim is not preempted because it is based on either an express or implied contract independent of the CBA. See Caterpillar Inc. v. Williams, 482 U.S. 386 (1987). Montag's contention is without merit. "This court ... has held that Caterpillar 's exception to federal preemption does not apply when the job that is the subject of the purportedly independent contract is covered by the CBA, as in this case." Cook, 911 F.2d at 238 n. 1. "Because any 'independent agreement of employment [concerning that job position] could be effective only as part of the collective bargaining agreement,' the CBA controls and the contract claim is preempted." Young, 830 F.2d at 997 (alteration in original) (quoting Olguin v. Inspiration Consol. Copper Co., 740 F.2d 1468, 1474 (9th Cir.1984)); see also Schlacter-Jones v. General Telephone, 936 F.2d 435, 440 (9th Cir.1991) (plaintiff's California state law claim for breach of implied contract preempted by section 301); Chmiel v. Beverly Wilshire Hotels Co., 873 F.2d 1283, 1285 (9th Cir.1989). Because Montag's position as a non-supervisory MTS Level III employee is covered by the CBA, his contract claim is preempted.
 
 C. Breach of Covenant Claim
 
 13
 Montag's second cause of action for breach of the covenant of good faith and fair dealing is similarly preempted by section 301. The CBA between Aerospace and the bargaining unit contains terms governing job security. "Where the collective bargaining agreement contains terms governing job security, this breach of the covenant of good faith and fair dealing cause of action is preempted." Cook, 911 F.2d at 238-39; see also Harris v. Alumax Mill Products, Inc., 897 F.2d 400 (9th Cir.1990) (finding claim for breach of implied covenant of good faith and fair dealing preempted by section 301); Chmiel, 873 F.2d at 1286 (same).
 
 D. Public Policy Claim
 
 14
 Montag's third cause of action is for "tortious wrongful termination in contravention of public policy." Montag contends that he was discharged from his position as Senior Project Engineer because he brought to Aerospace's attention certain violations of state and federal regulations relating to the preparation of "the DSP-2 Report"[2] and because he refused to go along with Aerospace's request to suppress and conceal the contents of the report from the United States.
 
 
 15
 California restricts an employer's right to discharge its employees when such discharge is prohibited by statute or violates public policy. Paige v. Henry J. Kaiser Co., 826 F.2d 857, 862 (9th Cir.1987) (citing Tameny v. Atlantic Richfield Co., 610 P.2d 1330 (Cal.1980)), cert. denied, 486 U.S. 1054 (1988). Montag's contention that he was discharged because he refused to suppress information from the government and because he brought violations of law relating to the preparation of the DSP-2 Report to his employer's attention presents a colorable public policy claim. See Collier v. Superior Court, 279 Cal.Rptr. 453 (Ct.App.1991) (holding that an employer's termination of an employee because the employee disclosed to the employer potentially "illegal, unethical or unsafe practices" supports a tort action for wrongful discharge in violation of public policy);[3] Cal.Labor Code § 1102.5; Cal.Gov't Code § 12653(a), (b).
 
 
 16
 We have previously held that the California tort of wrongful discharge in violation of public policy is not preempted by section 301. In Harper v. San Diego Transit Corp., we explained that the tort of wrongful discharge in violation of public policy "clearly implicates proscribe[d] conduct, state-law rights and obligations, and non-negotiable state-law rights within the meaning of Allis-Chalmers." 764 F.2d 663, 668 (1985) (internal quotation omitted). In Garibaldi v. Lucky Food Stores, Inc., 726 F.2d 1367 (9th Cir.1984), cert. denied, 471 U.S. 1099 (1985), we "recognized that wrongful termination in violation of state public policy (in that case, firing the employee for 'whistle blowing' about the employer's delivery of adulterated milk in violation of California state law) survives federal preemption." Harper, 764 F.2d at 668 (emphasis added) (describing Garibaldi ); see also Paige, 826 F.2d at 863 ("[T]he tort of wrongful discharge in violation of public policy exists independent of any contractual right.").
 
 
 17
 Whether Aerospace discharged Montag in order to prevent him from, or in retaliation for, disclosing truthful information to the government or for reporting violations of state and federal law in the preparation of the DSP-2 report to Aerospace is not dependent on an analysis of the CBA. See Lingle, 486 U.S. at 407. The case was adjudicated on the pleadings, so there has as yet been no determination of whether Montag can establish a prima facie case of such a discharge, or, if he can, whether Aerospace can show that its reason for terminating Montag was not retaliatory.[4] Since Montag alleges a colorable claim for wrongful discharge in violation of public policy, the district court erred in dismissing the claim on the pleadings as preempted.
 
 CONCLUSION
 
 18
 Because federal preemption over two of the three causes of action in Montag's complaint is sufficient to create removal jurisdiction, we affirm the district court's order denying Montag's motion to remand. We also affirm the district court's dismissal of Montag's first and second causes of action. Because Montag's public policy claim is not preempted by federal law, we reverse the dismissal with prejudice of Montag's third cause of action. As the federal claims have now been dismissed from the case, it would be appropriate for the district court, in its discretion, to decline supplemental jurisdiction over the public policy claim and to remand the claim to state court. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715 (1966); Reynolds v. County of San Diego, No. 94-56262, 1996 WL 277412 (9th Cir. May 28, 1996). The parties shall bear their own costs on appeal.[5]
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Montag also contends that Aerospace failed to tell him that he was a member of the bargaining unit or to give him a copy of the CBA. That the company allegedly failed to follow proper procedures in notifying Montag of his bargaining unit status and rights under the CBA does not remove him from the scope of the CBA, however
 
 
 [2]
 The DSP-2 Report was prepared by Aerospace for the Air Force to analyze the Air Force's options for space-based tactical warning and attack assessment systems
 
 
 [3]
 In Collier, the court based its holding on Labor Code § 1102.5, reasoning that the statute "evince[s] a strong public interest in encouraging employee reports of illegal activity in the workplace" sufficient to support a cause of action for wrongful discharge in violation of public policy where the employee reports his suspicions to a public agency or to his employer. Collier, 279 Cal.Rptr. at 456
 
 
 [4]
 Regardless of whether the CBA's provisions for reductions-in-force involve similar factual considerations, such parallelism does not render the state-law analysis dependent upon the contractual analysis. See id. at 407-09, 413
 
 
 [5]
 Montag's motion to file a supplemental brief is denied. Aerospace's request for sanctions and motion to strike are denied