Louis J. ALTERI, John F. Bujak, Garry Chappell, David Corsaro, William J. DeRito, Rose Marie Fox, Robert Gallipeau, Thomas J. Gibbons, Jr., Michael A. Giroux, Marjorie H. Glowacki, Charlotte D. Hawkins, Christine M. Hotaling, Michael B. Kolodzie, Barbara Kulak, Stefan Kuczynski, Karen M. Lane, Ernest Lewis, Donna M. Lyskawa, John F. Lyskawa, David L. Mathews, Lenny R. Mattison, John C. Meloling, Cynthia G. Nagy, Nancy A. Raymo, David Ruston, Darlene Stedman, Joanne M. Taylor, Daniel Thomas, Frank L. Thompson, Linda E. Wright, and Timothy J. Young, Plaintiffs,

v.

GENERAL MOTORS CORPORATION; Local Union 854, United Automobile, Aerospace & Agricultural Implement Workers of America–UAW, Defendants.

No. 94–CV–0641.

United States District Court, N.D. New York.

Sept. 20, 1996.

Mannion, Copani, Alderman & Brown, Syracuse, NY (Steven B. Alderman, of counsel), for Plaintiffs.

Harris Beach & Wilcox, L.L.P., Rochester, NY (James C. Holahan, Andrea Terrillion, of counsel), for Defendant General Motors Corporation.

Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, L.L.P., Buffalo, NY (Richard Lipsitz, of counsel), for Defendant Local Union 854.

## ORDER

POOLER, District Judge.

### INTRODUCTION

Plaintiffs Louis J. Alteri, et al. moved for reconsideration of my March 19, 1996, deci-

sion and order in which I granted summary judgment to defendants General Motors Corp. ("GM") and Local Union 854 ("Local 854") and dismissed the action. I found that plaintiffs' lawsuit pursuant to the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, was untimely because plaintiffs reasonably knew or should have known of defendants' breach more than six months before they filed their complaint. A complete statement of the facts of this case is contained in my prior opinion. Dkt. No. 87 ("Decision").

## DISCUSSION

### I. Reconsideration Standard

█ A party seeking reconsideration of a court's previous decision must show one of the following circumstances: "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear error or prevent manifest injustice." *McLaughlin v. State of New York*, 784 F.Supp. 961, 965 (N.D.N.Y. 1992) (citation omitted). Plaintiffs argue that I committed clear errors because (1) I did not measure the statute of limitations from the time GM breached its contract; and (2) I overlooked plaintiffs' argument that defendants' action tolled the statute of limitations.

### II. Accrual of plaintiffs' cause of action

█ Plaintiffs first argue that I committed a clear error in applying the statute of limitations to their hybrid LMRA cause of action, which combines a breach of contract claim against GM and a breach of the duty of fair representation claim against Local 854. Specifically, Alteri argues that I wrongly focussed on plaintiffs' action against the union rather than their action against the employer in calculating the six-month period. According to plaintiffs, GM breached its contract with them at the time it placed the employees on formal leave of absence status between November 18, 1993, and April 20, 1994. Either date is within six months of the date plaintiffs filed their complaint on May 17, 1994.

█ There is no dispute that a six-month statute of limitations period governs plaintiffs' hybrid lawsuit. *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 164–65, 103 S.Ct. 2281, 2290–91, 76 L.Ed.2d 476 (1983). The limitations period begins "when a plaintiff knows or reasonably should know that the union has breached its duty of fair representation." *Flanigan v. Truck Drivers Local No. 671*, 942 F.2d 824, 827 (2d Cir.1991). Specifically, in a hybrid claim under the LMRA, it "is the actual or imputed knowledge of the Union's breach, rather than the employer's violation, of the Collective Bargaining Agreement that starts the limitation period running." *Id.* at 829. Alteri relies on cases decided in the United States Court of Appeals for the Ninth Circuit to argue that the statute of limitations does not begin to run until plaintiffs have claims against *both* the union and the employer. *See, e.g., Harper v. San Diego Transit Corp.*, 764 F.2d 663, 669 (9th Cir.1985). However, this is not the law in the Second Circuit, which of course controls my decision.

As I explained extensively in the Decision, plaintiffs became aware of Local 854's breach in April 1993 because at that time each plaintiff knew or reasonably should have known that the union and GM agreed in a Memorandum of Understanding to expand the area hire region to the area within 150 miles of Syracuse. Decision, at 8–9. The Special Placement Process Selection Sheet ("selection sheet") that each plaintiff signed or saw in April 1993 clearly stated that employees such as plaintiffs who did not opt for early retirement and did not transfer to other GM facilities "will be assigned to one of the plants within the 150 mile radius of Syracuse, New York based upon an allocation determined by Management." Ciotti Aff. Ex. B ¶ 8. The same form indicated that area hire transfers could take place within 150 miles of Syracuse. The expansion of the area hire region from 50 miles to 150 miles was the union's breach of which plaintiffs now complain. Thus, plaintiffs knew or reasonably should have known in April 1993 that Local 854 officials had agreed to change the area hire region without plaintiffs' consent, and the statute of limitations period began at that time. I again reject plaintiffs' argument that the statute of limitations period began at the

time they experienced the effect of the area hire expansion, that is, at the time GM placed them on formal leave of absence status, because this position is contrary to Second Circuit law. *See* Decision, at 7 & n. 4.

### III. Equitable tolling

 Plaintiffs next argue that my prior Decision was in error because I failed to consider their argument that defendants' actions constituted fraudulent concealment and tolled the six-month statute of limitations. Drawing all reasonable inferences in favor of the non-moving plaintiffs, I previously held that defendants gave Alteri and the other workers confusing, misleading, and even wrong information about the effects of the plant closing on their jobs, their transfer options and their benefits. Decision, at 3, 9. I also held, however, that the union officials' misconduct provided plaintiffs with additional notice that defendants were not representing plaintiffs' interests. *Id.* at 9.

 The fraudulent concealment doctrine tolls the statute of limitations until a plaintiff discovered or should have discovered the existence of his cause of action. *State of New York v. Hendrickson Bros., Inc.,* 840 F.2d 1065, 1083 (2d Cir.), *cert. denied,* 488 U.S. 848, 109 S.Ct. 128, 102 L.Ed.2d 101 (1988). To receive the benefit of this doctrine, a plaintiff must show that (1) the defendant concealed the existence of a cause of action from him; (2) plaintiff remained ignorant of the cause of action until some point within the statute of limitations period of the filing of his complaint; and (3) plaintiff's ignorance was not attributable to his lack of diligence. *Id.; see also United States v. Incorporated Village of Island Park,* 791 F.Supp. 354, 370 (E.D.N.Y.1992). Plaintiff bears the burden of proving all three elements of the doctrine. *Island Park,* 791 F.Supp. at 370.

In their reconsideration motion, plaintiffs claim that defendants affirmatively misled them regarding the effect of the plant closing on their benefits, their options for transferring to other GM factories, completion of the selection sheet, member ratification of the Memorandum of Understanding, the contents and fairness of the Memorandum of

Understanding, and the effect of the 1993 collective bargaining agreement between the union and GM on the Memorandum of Understanding. Pl.Mem. at 10–15.

Drawing all reasonable inferences in favor of the nonmoving plaintiffs and assuming the truth of these allegations, defendants' conduct nonetheless does not toll the statute of limitations. Even if plaintiffs' allegations satisfy the first two elements of the fraudulent concealment doctrine, plaintiffs raised no issue of fact regarding their lack of diligence in discovering the cause of action. In other words, no rational finder of fact could conclude that plaintiffs' ignorance was attributed to anything other than their own lack of diligence. The alleged union misconduct did not conceal from plaintiffs the fact that union officials were not properly representing them. Rather, plaintiffs' difficulties should have alerted them to the alleged union breach. There is no dispute that plaintiffs were aware as early as April 1993 that Local 854 and GM had agreed to expand the area hire region because the selection sheets they read and—in nearly all instances—signed plainly stated this fact. As I held in the Decision, plaintiffs also had actual knowledge in October 1993 that the union and employer had agreed to the area hire change because, according to notes plaintiffs supplied, the issue was discussed at that time during a union meeting. Decision, at 9. October 1993 is outside the six-month statute of limitations period. Thus, defendants' alleged misconduct did not toll the statute of limitations.

### CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration is denied.

IT IS SO ORDERED.