Fred G. LABANKOFF; et al.,
Plaintiffs–Appellants,

v.

CITY OF SANTA ROSA; et al.,
Defendants–Appellees.

No. 05–16408.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 22, 2008.

Fred G. Labankoff, Santa Rosa, CA, pro se.

Swetlana Labankoff, Santa Rosa, CA, pro se.

Caroline L. Fowler, Esq., City Attorney's Office City of Santa Rosa, Marshall E. Bluestone, Senneff Freeman & Bluestone, LLP, Gregory G. Spaulding, Esq., Lisa Ann Hilario, Esq., Spaulding Mccullough & Tansil LLP, Santa Rosa, CA, for Defendants–Appellees.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Fred G. Labankoff and his mother Swetlana Labankoff appeal pro se from the district court's judgment in favor of defendants in their 42 U.S.C. § 1983 action aris-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing out of the arrest of Mr. Labankoff for elder abuse by the Santa Rosa Police Department. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's decision on motions to dismiss and motions for summary judgment, *Harper v. San Diego Transit Corp.*, 764 F.2d 663, 665–66 (9th Cir.1985), and we review for clear error a district court's findings of fact following a bench trial, *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 843 (9th Cir.2004). We affirm.

The district court properly dismissed the claims against the Sonoma County defendants, Santa Rosa Memorial Hospital, St. Joseph Health System, the City of Santa Rosa, the Santa Rosa Police Department, Police Chief Flint, and Deputy Sheriff Borrusso for the reasons stated in its December 3, 2004, December 16, 2004, and December 22, 2004 orders. The district court properly granted summary judgment to retired Santa Rosa Police Chief Michael Dunbaugh because Labankoff failed to raise a genuine issue of material fact as to whether Dunbaugh was personally involved in the arrest. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983.").

The district court properly granted summary judgment to Officer Camara because appellants failed to controvert evidence, showing that Camara had probable cause to arrest Mr. Labankoff for felony elder abuse. *See Butler v. San Diego Dist. Attorney's Office*, 370 F.3d 956, 963 (9th Cir. 2004) (explaining plaintiff's summary judgment burden). Because there was probable cause for arrest, Mr. Labankoff's false imprisonment claim fails as a matter of law. *See Easton v. Sutter Coast Hosp.*, 80 Cal.App.4th 485, 496, 95 Cal.Rptr.2d 316 (Ct.App.2000) (listing the elements of a tortious claim of false imprisonment in California).

The district court properly entered judgment in favor of officer Camara on Mr. Labankoff's warrantless arrest claim because the evidence adduced at trial supports a finding that Labankoff was arrested outside of his front door, and therefore no warrant was necessary. *See LaLonde v. County of Riverside*, 204 F.3d 947, 955 (9th Cir.2000) ("The Fourth Amendment's prohibition on warrantless entry into an individual's home does not apply to arrests made at the doorway, because the doorway is considered a public place.")

The district court properly granted summary judgment on Swetlana Labankoff's false imprisonment claim because she failed to raise a genuine issue of material fact as to whether she could have reasonably believed she was under arrest. *See Butler*, 370 F.3d at 963; *see also Easton*, 80 Cal.App.4th at 496, 95 Cal.Rptr.2d 316.

We do not consider exhibits in appellants' Excerpts of Record that were not before the district court. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).

The remaining contentions are unpersuasive.

All pending motions are denied as moot.

**AFFIRMED.**